UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No.: 2:23-cv-00602

**YUNFANG FENG**,
 Plaintiff,

v.

**NAPLES HIBACHI BUFFET INC**,
and
**MING SHI**,

Defendants.
 --------------------------------------------x

## COMPLAINT

Plaintiff YUNFANG FENG (hereinafter "Plaintiff" or "FENG") by and through her counsel undersigned, hereby brings this Complaint against Defendants Naples Hibachi Buffet Inc (hereinafter "INC Defendant" or "Restaurant") and Ming Shi (hereafter "Individual Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action on behalf of herself and other similarly situated employees of the Restaurant, operated by Defendants at 2700 E Tamiami Trail, Naples, FL, 34112, against Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and against the INC Defendant for violation of the Florida Minimum Wage Act ("FMWA"), XXXI

Fla. Stat. § 448.110, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2. Plaintiff further brings this action, on behalf of herself, against the INC Defendant under Florida common laws for breach of contract arising from Defendant'S willful, malicious, and unlawful nonpayment of promised wages.

3. Plaintiff alleges, pursuant to FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages or prejudgment interest, (4) post-judgment interest, and (5) reasonable attorneys' fees and costs.

4. Plaintiff alleges, pursuant to FMWA, that they are entitled to recover from the INC Defendant: (1) unpaid minimum wages, (2) liquidated damages or prejudgment interest, (3) post-judgment interest, and (4) reasonable attorney's fees and costs.

5. Plaintiff alleges, pursuant to Florida common law, that they are entitled to recover from the INC Defendant their unpaid wages and prejudgment and post-judgment interest.

## JURISDICTION AND VENUE

6. The court has subject matter jurisdictions over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code. As stated more fully below, Defendants are a covered enterprise under the FLSA; since Defendants are a joint enterprise engaged in interstate and/or foreign commerce, with more than $ 500,000.00 in gross annual revenue during the

relevant period. Plaintiff and other employees handled goods that had been moved in commerce.

7. This court has supplemental jurisdiction of Plaintiffs' state law claims under Section 1967, Subsection (a) of Title 28 of the United States Code.

8. Venue is proper in the United States District Court for the Middle District of Florida pursuant to Section 1391 of Title 28 of the United States Code, because Defendants reside and conduct business in the Middle District of Florida, and because the acts and omissions giving rise to the claims alleged herein took place within the Middle District of Florida.

9. Plaintiff has fulfilled all conditions precedent to the filing of this Complaint, including by mailing a pre-suit notice to Defendants under XXXI Fla. Stat. § 448.110(6) by certified mail with signature return on July 17, 2023.

10. No person, including the Defendants, has paid the total, or any, number of wages sought or otherwise resolved Plaintiff's claims to Plaintiff's satisfaction.

11. More than fifteen (15) days have passed since the notice was sent and received without such resolution.

**PLAINTIFF**

12. Defendants did not sign any labor agreement with plaintiff, who worked at Naples Hibachi Buffet Inc.

13. Defendants employed FENG at INC Defendant for the periods:
    a) from about May 1, 2020, through about December 30, 2020;

    b) from about January 1, 2020; through about March 31, 2021;

    3) from about January 1, 2022, through about November 30, 2022;

    4) from about January 1, 2023, through about June 30, 2023.

14. As a waitress and miscellaneous kitchen helper, she continuously worked about four (5) days per week.

## DEFENDANTS

15. The INC Defendant, throughout the period relevant to this lawsuit, has been a domestic company with a registered address at E 2700 Tamiami Trail, Naples, FL 34112.

16. INC Defendant was, throughout the period relevant to this lawsuit, a business with gross annual revenue over a half million ($500,000.00) per year.

17. According to Plaintiff's observations, INC Defendant had a gross monthly revenue of between three hundred thousand dollars ($300,000.00) and five hundred thousand dollars ($500,000.00) during the material time of this cause of action.

18. INC Defendant was, throughout the period relevant to this lawsuit, a business engaged in interstate or foreign commerce, including in ingredients for sushi, dumplings, grill, and other dishes, whose employees, including Plaintiff, handled goods moved in commerce, including ingredients, and cleaning up tables.

19. INC Defendant, throughout the period relevant to this lawsuit, employed about nineteen (19) employees, including Plaintiff, at any one time: about eleven (11) kitchen workers—including but not limited to "oil woks," hibachi chefs, and miscellaneous helpers—as well as about three (7) servers, and about one (1) hostess/cashier; plus, Individual Defendant.

### MING SHI

20. Individual Defendant was, throughout the period relevant to this lawsuit, the day-to-day, on-site, hands-on manager of Naples Hibachi Buffet Inc, who hired Plaintiff and other employees, supervised Plaintiff, and other employees, gave Plaintiff and other employees their assignments, determined Plaintiff's and other employees' schedules, determined Plaintiff and other employees' salaries, prepared, and kept records of the employee payroll, and sent the employee payroll to an accountant.

21. Individual Defendant was, throughout the period relevant to this lawsuit, a member of the INC Defendant.

22. Throughout the period relevant to this lawsuit, Individual Defendant exercised financial and operation control over the INC Defendant, and controlled Plaintiff and other employees' employments at INC Defendant.

23. Individual Defendant acted willfully, intentionally, and maliciously and was Plaintiff's employer and the employer of other employees similarly situated, within the meaning of FLSA, and is jointly; and severally liable to INC Defendant under the FLSA.

## STATEMENT OF FACTS

24. Individual Defendant hired FENG for himself and the INC Defendant to work at Naples Hibachi Buffet, during:

    a) from about May 1, 2020, through about December 30, 2020;

    b) from about January 1, 2021; through about March 31, 2021;

    c) from about January 1, 2022, through about November 30, 2022;

    d) from about January 1, 2023, through about June 30, 2023.

25. FENG was initially hired to work as a waitress.

26. At the time of FENG's hiring, Individual Defendant told FENG that she would work from 10:30 AM through about 9:30 PM, five (5) days per week, and be provided free lodging in a company dormitory.

27. The individual Defendant did not tell FENG that a tip credit or a lodging credit would be applied to the minimum wage.

28. Because Individual Defendant did not tell FENG there would be a tip credit or a lodging credit applied to the minimum wage, Defendants were not entitled to claim a tip or lodging credit.

29. Throughout her employment, FENG was owed the minimum federal and state hourly wage (whichever was higher) for each hour up to the fortieth hour and one and one-half (1.5) the applicable minimum wage for each hour beyond the fortieth hour each week.

30. Because Individual Defendant did not tell FENG there would be a tip credit or a lodging credit applied to the minimum wage, FENG's wages amount to her actual wages paid, her actual tips received, and the value of her lodging.

31. However, throughout the period of FENG's employment, when she worked in a tipped position (i.e., as a waitress, but not as a miscellaneous kitchen helper), which were not tipped positions and did not receive tips), Defendants failed to keep a record of FENG's tips per week, per day, and per hour.

32. FENG regularly worked as a waitress and miscellaneous kitchen helper for over fifty-five (55) hours weekly, because INC Defendant closed after 10:30 almost every weekend:

   a.) from about May 1, 2020, through about December 30, 2020;

   b). from about January 1, 2021, through about March 31, 2021;

   c). from about January 1, 2022, through about November 30, 2022;

   d) from about January 1, 2023, through about June 30, 2023 .

33. From the period mentioned above, FENG was paid no base wage or salary, and Defendants failed to record her tips.

34. From the period mentioned above, FENG regularly worked about over fifty-five hours (55 hours) per week:

35. At no point during her employment did FENG's pay, include any pay at time-and-a-half for her overtime hours.

36. Defendants did not keep any records of FENG's working time.

37. Defendants did not post a notice of employee's rights under the federal and state wage-and-hour laws on the premises of INC Defendant.

38. Defendants gave plaintiff checks of varying amounts each month to support the plaintiff's tax return use, effectively deducting the exact value of the cash that plaintiff had deducted.

39. Florida minimum wage was eight dollars and fifty-six cents ($8.56) per hour in 2020; and ten dollars ($10.00) per hour in 2021 and 2022, and eleven dollar ($11) in 2023.

## COLLECTIVE ALLEGATIONS

40. Plaintiff brings this action on behalf of all other current and former non-exempt workers employed by Defendants over the three years preceding the filing of this Complaint, through the entry of judgment in this case (the "Collective").

## CLASS ALLEGATIONS

41. Plaintiffs bring their FMWA claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other current and former non-exempt workers employed by INC Defendant over the two years preceding the filing of this Complaint, through entry of judgment in this case (the "Class").

42. The Class members are readily ascertainable. The Class members' number, names, addresses, positions held, hours assigned and worked, and rates of

pay are determinable from INC Defendant's records. Notice can be provided by means permissible under Rule 23.

## Numerosity

43. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

44. Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of INC Defendant, upon information and belief, there are more than forty (40) members of the Class.

## Commonality

45. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including:

   a. whether INC Defendant employed the Class members within the meaning of Florida law;

   b. whether the Class members were paid less than the minimum wage;

   c. whether the Class members were paid overtime; and

   d. at what common rate, or rates subject to common method of calculation, were and are INC Defendant required to pay Class members?

## Typicality

46. Plaintiffs' claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

47. All the Class members were subject to the same policy and practice of denying minimum wages and overtime.

48. INC Defendant's policy and practice affected all Class members similarly, and INC Defendant benefitted from the same type of unfair and/or wrongful acts as to each Class member.

49. Plaintiffs and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

## Adequacy

50. Plaintiffs are fairly and adequately able to protect the interests of the Class and have no interests antagonistic to the Class.

51. Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigations.

## Superiority

52. A class action is superior to other available methods for fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to prosecute a lawsuit against an INC Defendant vigorously.

53. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

54. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

55. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

56. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for INC Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

57. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

58. Upon information and belief, INC Defendant and other employers throughout the state violate the FMWA.

59. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

60. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## CAUSES OF ACTION

### COUNT I.
### VIOLATION OF 29 U.S.C. § 206—FAILURE TO PAY MINIMUM WAGE BROUGHT ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY

61. Plaintiff re-alleges and incorporates by reference all factual averments as though fully set forth herein, particularly in paragraphs 1-39.

62. Section 206, Subsection (a) of the FLSA provides that "[e]very employer shall pay to each of his employees who, in any workweek, is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at… $7.25 an hour, beginning 24 months after [the] 60th day [after May 25, 2007]."

63. Plaintiff's actual pay received never amounted to more than the minimum wage.

64. In 2020, from May to December, the unpaid hours to Yunfang Feng was 1,280 hours (8x5x4x8 weeks).

65. In 2021, from January to March, the unpaid hours to Yunfang Feng was 480 hours (160x3).

66. In 2022, the unpaid hours to Yunfang Feng was 1,760 hours (160x11) from January to November.

67. In 2023, the unpaid hours to her was 960 hours (160x6).

68. Thus, total minimum wages owed by your company to Yunfang Feng are, 8.56*1,280+10*480+10*1760+11*960=$43,916.80.

69. Section 216, subsection (b) of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the costs of the action."

70. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Plaintiffs at least the minimum wage.

71. Such violation is the direct and proximate causes to Plaintiff's damage.

72. It caused damages to Plaintiff as Plaintiff has not been paid accordingly as of today.

### COUNT II.
### VIOLATION OF XXXI FLA. STAT. § 448.110—FAILURE TO PAY MINIMUM WAGE BROUGHT ON BEHALF OF THE PLAINTIFF AGAINST THE INC Defendant

73. Plaintiff re-alleges and incorporates by reference all factual averments as though fully set forth herein, particularly those contained in paragraphs 1-38.

74. Section 448.110 of the FMWA provides in the relevant part that "(3) [e]ffective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida.... (4)(a) Beginning September 30, 2005, and annually on September 30 thereafter, the Department of Economic Opportunity shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1.... Each adjusted minimum wage rate shall take effect on the following January 1."

75. During the time relevant to this lawsuit within the FMWA statute of limitations, the Florida minimum wage was eight dollars and fifty-six cents ($8.56) per hour in 2020, ten dollars ($10.00) per hour in 2021 and 2022, and eleven dollars($11.00) per hour in 2023.

76. Throughout the employments, Plaintiffs' actual pay received never amounted to more than the minimum wage.

77. Section 448.110 of the FMWA provides in relevant part that "(6)(c)1. [u]pon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any unpaid back wages unlawfully withheld plus the same number of liquidated damages. They shall be awarded reasonable attorney's fees and costs."

78. In 2020, from May to December, the unpaid hours to Yunfang Feng was 1,280 hours[1].

---

[1] [8 hours x 5 days x4 weeks x 8 months )].

79. In 2021, from January to March, the unpaid hours to Yunfang Feng was 480 hours (160x3).

80. In 2022, the unpaid hours to Yunfang Feng was 1,760 hours (160x11) from January to November.

81. In 2023, the unpaid hours to her was 960 hours (160x6).

82. Thus, total minimum wages owed by your company to Yunfang Feng are $43,916.80[2].

83. INC Defendant knowingly, willfully, and maliciously disregarded the provisions of the FMWA by failing to pay Plaintiffs at least the minimum wage.

84. Such violation is the direct and proximate causes to Plaintiff's damage.

85. It caused damages to Plaintiff as Plaintiff has not been paid accordingly as of today.

## COUNT III.
## VIOLATION OF 29 U.S.C. § 207—FAILURE TO PAY OVERTIME BROUGHT ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANTS

86. Plaintiff re-alleges and incorporates by reference all factual averments as though fully set forth herein, particularly in paragraphs 1-38.

87. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for

---

[2] 8.56*1,280+10*480+10*1760+11*960=$43,916.80.

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

88. Throughout their employment, including Plaintiff, were promised a flat salary that did not include additional pay at time-and-a-half for overtime and were not even paid that.

89. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of... section 207 of this title shall be liable to the employee or employees affected in the amount of their... unpaid overtime compensation... and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the costs of the action."

90. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Plaintiffs overtime.

91. In 2020, 480 hours (3 hour/day*5 days*32 week) overtime for Ms. Feng; in 2021, 180 hours; in 2022, 660 hours; in 2023, 360 hours.

92. Thus, the overtime wages owed by your company to Ms. Feng is $ $22,903.20 USD[3].

---

[3] $480*12.84+180*5+660*15+360*16.5=$22,903.20.

93. Such violation is the direct and proximate causes to Plaintiff's damage.

94. It caused damages to Plaintiff as Plaintiff has not been paid accordingly as of today.

## COUNT IV.
## BREACH OF CONTRACT—FAILURE TO PAY SALARIES BROUGHT ON BEHALF OF THE PLAINTIFF AGAINST THE INC Defendant

95. Plaintiff re-alleges and incorporates by reference all factual averments as though fully set forth herein, particularly in paragraphs 1-38.

96. Under Florida law, the elements of a breach of contract action are a valid contract, a material breach, and damages.

97. Plaintiff formed valid employment contracts with the INC Defendant, supported by consideration, Plaintiffs and the INC Defendant respectively promising labor and salary payment.

98. Plaintiff was damaged in the number of her unpaid salaries, about sixty-six thousand and eight hundred twenty dollars ($66,820.00)[4].

99. Unpaid wages to the plaintiff by the defendants are as follows:

   a) In 2020, from May through December, the unpaid hours to the plaintiff were 1,280 hours (8 hours/day*5 days/week*4week/month*8 months);

   b) In 2021, from January through March, the unpaid hours to the plaintiff were 480 hours. (8 hours/day*5 days/week*4week/month*3months);

---

[4] i.e,$ 8.56*1,280+10*480+10*1760+11*960=$43,916.80 Plus $480*12.84+180*5+660*15+360*16.5=$22,903.20 as overtime payment.

c) In 2022, from January through November. the unpaid hours to the plaintiff were 1,760 hours (8 hours/day*5 days/week*4week/month*11 months);

d) In 2023, from January to June. the unpaid hours to the plaintiff were 960 hours (8 hours/day*5 days/week*4week/month*6 months).

100. Thus, the total unpaid minimum wages to Plaintiff by the defendants are $43,916.80[5].

101. The unpaid Overtime wages to the plaintiff by the defendants are as follows:

a) in 2020, from May through December, 480 hours (3 hours/day*5 days*32 week);

b) in 2021, from January through March, 180 hours; (3 hours/day*5 days*12 week);

c) in 2022, from January through November, 660 hours; (3 hours/day*5 days*47 week);

d) in 2023, from January through June, 360 hours. (3 hours/day*5 days*25 week);

102. Thus, the overtime wages owed by the defendants to the plaintiff are $ $22,903.20[6].

---

[5] $8.56*1,280+$10*480+$10*1760+$11*960=$43,916.80.

[6] See *supra*.

103. The remedy for breach of contract is the recovery of the value of the unpaid salary.

## JURY DEMAND

104. Plaintiffs demand a trial by jury on all matters.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and on behalf of others similarly situated, respectfully requests that this Court enter a judgment providing the following relief:

A. At the earliest practicable time giving notice of this collective action or authorizing Plaintiff is to give notice of this collective action to all persons who are presently or have, up to the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied minimum wage or overtime pay;

B. A declaratory judgment that the practices complained of herein are unlawful under FLSA and FMWA;

C. An injunction against INC Defendant, its members, managers, agents, successors, employees, representatives, and any and all persons acting in concert with it as provided by law, including but not limited to the Individual Defendant, from engaging in each of the unlawful practices and policies set forth herein;

D. An award of unpaid minimum wages and liquidated damages equal to unpaid minimum wages due to Plaintiffs and any opt-ins under the FLSA;

E. An award of unpaid minimum wages and liquidated damages equal to unpaid minimum wages due to Plaintiffs and the Class members under FMWA;

F. An award of unpaid overtime and liquidated damages equal to unpaid overtime, due to Plaintiff and any opt-ins under FLSA;

G. An award of unpaid wages and prejudgment interest thereon under Florida common law;

H. An award of reasonable attorneys' fees and costs under FLSA and/or FMWA; and

I. Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Respectfully submitted on August 10, 2023.

/s/ Jianyin Liu
Jianyin Liu. Esq.
Law Offices of James Liu PLLC
Counsel for Plaintiff
Address:
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
 Fax: (305) 402 5959
Email: jamesliulaw@gmail.com